IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELISHA RIGGLEMAN, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| | : | CIVIL ACTION NO. 3:18-CV-0771 |
| v. | : | |
| | : | (Judge Caputo) |
| DAVID J EBBERT, | : | |
| | : | |
| Respondent | : | |

**M E M O R A N D U M**

Petitioner, Elisha Riggleman, an inmate presently confined at USP Lewisburg, in Lewisburg, Pennsylvania, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging this loss of forty-one days of good conduct time after being found guilty of possession of a weapon. (ECF No. 1.) Presently before the Court is Petitioner's motion for appointment of counsel. (ECF No. 7.) For the reasons that follow, the Court will deny the motion.

Unlike trial and direct appeal, there is no constitutional or statutory right to the appointment of counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 725, 111 S.Ct. 2546, 2552, 115 L.Ed.2d 640 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 2546, 1993, 95 L.Ed.2d 539 (1987). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *See* R. 8(c) R. Gov. § 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B). Otherwise, a court may appoint counsel to represent a habeas petitioner if it "determines that the interests of justice so require," and that the petitioner is financially unable to obtain adequate representation. *See* 18 U.S.C. § 3006A(a)(2).

The exercise of discretion in this area is guided by certain basic principles. The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). Other factors influencing a court's decision on a request for appointment of counsel include the factual and legal issues in the case, as well as the petitioner's ability to adequately investigate, prepare, or present the claim. *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993). Where the issues in a habeas petition are narrow, or straightforward and capable of resolution on the record, or where the petitioner demonstrates a good understanding of the issues and displays the ability to forcefully and coherently present contentions, appoint of counsel is unnecessary.

In this case, there appears to be no circumstances that warrant the appointment of counsel. *See Tabron*, 6 F.3d at 155 – 56. First, Mr. Riggleman paid the requisite filing fee in this matter and has not demonstrated that he is financially, or otherwise, unable to obtain representation on his own. Second the legal issue in this case is relatively simple; therefore, a hearing is unlikely. Further, upon review of the Petition and accompanying exhibits, it appears that Mr. Riggleman is capable of properly and forcefully prosecuting his claims with relevant facts and appropriately supportive arguments. *See* ECF Nos. 1 and 1-1, *generally*. His Petition, and supporting exhibits, clearly present two arguments: (1) that the BOP violated his due process rights by failing to timely deliver the Disciplinary Hearing Officer's (DHO) Report to him which resulted in his administrative remedy challenging the DHO's conclusions being denied

as untimely filed; and (2) that the DHO's conclusion is not supported by the evidence presented at the hearing. (ECF No. 1, *generally*.)

The two reasons presented by Mr. Riggleman to demonstrate his need for court appointed counsel, his inability to conduct meaningful discovery and his lack of legal knowledge, also do not warrant the appointment of counsel. *See* ECF No. 7. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 1796-97, 138 L.Ed.2d 97 (1997). Instead, Rule 6(a) of the rules governing section 2254 proceedings provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." R. 6(a) R. GOV. § 2254. "The burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011). Although Mr. Riggleman states "[t]here are things that need to be investigated and there [are] documents and vid[e]o/photos I cannot obtain and have in my possession," he does not suggest what these items are, that he previously sought to obtain them from the BOP without success, or more importantly, why the unspecified discovery is needed to support his habeas claim. Mr. Riggleman has not demonstrated the need for discovery in this matter or his need for counsel to conduct discovery on his behalf. To the extent Petition is concerned with his lack of legal education or research skill, he stands in the shoes of many of other *pro se* litigants, not just prisoners. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), coupled with Petitioner's apparent ability to communicate and litigate this action,

mitigate against the appointment of counsel at this time.  If the Court determines that an evidentiary hearing should be held or if further proceedings otherwise demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte*, or upon a motion properly filed by Mr. Riggleman.

    An appropriate order follows.

**Date:  March 29, 2019**                 /s/ A. Richard Caputo
                                                            **A. RICHARD CAPUTO**
                                                            **United States District Judge**